IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY NAROG,<br><br>    Petitioner,<br><br>  v.<br><br>CALVIN REMMINGTON,<br><br>    Respondent | No. C 09-1696 MMC<br><br>**ORDER OF SERVICE; DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |

    Before the Court is Cory Narog's petition for a writ of habeas corpus, filed April 17, 2009, pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

    Petitioner alleges that on June 15, 2006, he was convicted of eleven misdemeanor counts of violating § 166(A)(4) of the California Penal Code, and that, thereafter, he was "placed on probation for a period of three years on condition he serve six months in county jail." (See Petition ¶¶ 2-5.) Petitioner further alleges that the conviction was affirmed by the Appellate Department of the San Mateo Superior Court, and that his petitions for a writ of habeas corpus, filed, respectively, in the Superior Court, the California Court of Appeal, and the California Supreme Court, have been denied. (See Petition ¶¶ 6.)

//

//

**DISCUSSION**

**A. Legal Standard**

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B. Petitioner's Claims**

In his petition, petitioner makes the following claims: (1) the trial court's admission of "other bad acts evidence" violated petitioner's right to due process (see Petition at 10); (2) the trial court deprived petitioner of the "right to present a defense by excluding critical defense exhibits" (see Petition at 12); (3) the prosecution submitted "insufficient evidence" to support the convictions (see Petition at 14); (4) petitioner was denied the effective assistance of counsel because counsel (a) never sought to obtain certain "video tapes" that, according to petitioner, would have been exculpatory in nature (see Petition at 16-17), and (b) did not file a "Marsden" motion petitioner had prepared or otherwise bring that issue to the trial court's attention (see Petition at 17-18); and (5) the prosecution failed to disclose "exculpatory evidence," specifically, the "video tapes" petitioner states would have supported his defense (see Petition at 19).

The Court cannot say, from the face of the pleadings, that petitioner's claims are vague, conclusory, palpably incredible, or patently frivolous or false. Consequently, respondent will be directed to file a response to the petition. Specifically, respondent will be directed to file either a motion to dismiss, if such a motion is warranted, or, alternatively,

an answer, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition, and a supporting memorandum of points and authorities.

**CONCLUSION**

In light of the foregoing:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the Petition for Writ of Habeas Corpus upon respondent and respondent's attorney, the Attorney General for the State of California.

2. Respondent shall file, within 30 days of the date of service of this order, either a motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer and supporting memorandum of points and authorities.

3. In the event respondent files an answer, petitioner may, within 30 days thereafter, file a reply.

**IT IS SO ORDERED.**

Dated: May 18, 2009

MAXINE M. CHESNEY
United States District Judge