**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORY NAROG,

    Petitioner,

v.

CALVIN REMMINGTON,

    Respondent.
_____/

No. C-09-1696 MMC

**ORDER RE: RESPONDENT'S MOTION TO DISMISS; DIRECTIONS TO PETITIONER; VACATING HEARING**

    Before the Court is respondent Calvin Remmington's ("Remmington") "Motion to Dismiss Habeas Corpus Petition for Failure to Exhaust State Remedies," filed June 9, 2009. Petitioner Cory Narog ("Narog") has filed opposition, to which Remmington has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for August 21, 2009, and rules as follows.

    On June 15, 2006, Narog was convicted of eleven misdemeanor counts of violating § 166(A)(4) of the California Penal Code. The instant petition includes the following five constitutional claims: (1) the trial court's admission of "other bad acts evidence" violated Narog's right to due process (see Petition at 10); (2) the trial court deprived Narog of the "right to present a defense by excluding critical defense exhibits" (see Petition at 12); (3) the prosecution submitted "insufficient evidence" to support the convictions (see

1 Petition at 14); (4) Narog was denied the effective assistance of counsel because counsel
2 (a) never sought to obtain certain "video tapes" that, according to Narog, would have been
3 exculpatory in nature (see Petition at 16-17), and (b) did not file a "Marsden" motion Narog
4 had prepared or otherwise bring that issue to the trial court's attention (see Petition at 17-
5 18); and (5) the prosecution failed to disclose "exculpatory evidence," specifically, the
6 "video tapes" Narog states would have supported his defense (see Petition at 19).

7 In his motion to dismiss, Remmington argues Narog has not exhausted claims 1, 2,
8 and 3, as set forth above, because he has not presented them to the California Supreme
9 Court.

10 A petition for a writ of habeas corpus alleging the petitioner is in custody in violation
11 of the Constitution may not be granted unless the petitioner has "exhausted the remedies
12 available in the courts of the State." See 28 U.S.C. § 2254(b)(1). A petitioner challenging
13 a misdemeanor conviction entered in the State of California has an "available" procedure to
14 raise constitutional claims to the California Supreme Court; specifically, such petitioner
15 "has the right under California law to raise to that state's highest court, through a state
16 habeas procedure, [ ] constitutional questions." See Larche v. Simons, 53 F.3d 1068,
17 1072 (9th Cir. 1995). Consequently, although a petitioner convicted in California of a
18 misdemeanor "cannot directly appeal to the California Supreme Court," such petitioner, to
19 exhaust, "must present [his] constitutional claims to the California Supreme Court by
20 means of [a] state habeas petition[ ]." See id.

21 Here, Narog presented claims 4 and 5, as set forth above, to the California Supreme
22 Court by means of a state habeas petition. (See Respondent's Mot. Ex. 1.) As Narog
23 concedes, however, he has not presented claims 1, 2 and 3 to the California Supreme
24 Court by means of a state habeas petition. (See Petitioner's Opp. at 1-2.) Although Narog
25 asserts he presented claims 1, 2, and 3 in a direct appeal to the Superior Court Appellate
26 Department, which affirmed the conviction and subsequently denied Narog's application to
27 certify the case for transfer to the California Court of Appeal, such presentation is
28 insufficient to constitute exhaustion of claims 1, 2, and 3. See Larch, 53 F.3d at 1072.

      Nonetheless, Narog argues, he should be deemed to have exhausted claims 1, 2 and 3 for the asserted reason that the holding in Larch was disapproved in O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  (See Petitioner's Opp. at 2.)  The Court disagrees.  O'Sullivan holds that where a state's highest court has discretion to review a decision by an intermediate court on a defendant's direct appeal, the defendant must seek such discretionary review in order to exhaust his state remedies.  See id. at 845-48 (addressing remedies available under Illinois state law).  Contrary to Narog's argument, nothing in O'Sullivan suggests, let alone holds, that where, as in California, a state provides that the highest court cannot review a decision by an intermediate court on a misdemeanant's direct appeal, but does afford for discretionary review of all of the misdemeanant's constitutional claims by means of a state habeas proceeding, the misdemeanant need not request such discretionary review.

      Consequently, the Court finds Narog has failed to exhaust claims 1, 2 and 3.  See Larche, 53 F.3d at 1072.

      As noted, Narog has exhausted claims 4 and 5.  The general rule is that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims," Rose v. Lundy, 455 U.S. 509, 522 (1982), after first giving petitioners the "opportunity to amend their mixed petition by striking their unexhausted claims," see Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (internal citation and quotation omitted).  The general rule is, however, subject to exception where a petitioner demonstrates "good cause" for his failure to exhaust, in which case the petitioner may be entitled to a stay of proceedings to afford him the opportunity to exhaust the unexhausted claims in his petition.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).

      Accordingly, the Court will afford Narog the opportunity to file either an amended petition that includes only his exhausted claims, see Rose, 455 U.S. at 510, or a motion to stay, see Rhines, 544 U.S. at 277; see also King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009) (holding district courts "maintain discretion" to implement "stay-and-abeyance" procedure).

**CONCLUSION**

For the reasons stated above, the Court finds Narog has failed to exhaust claims 1, 2, and 3.

No later than August 28, 2009, Narog must either file an amended petition consisting solely of his exhausted claims or a motion to stay the instant proceeding pending exhaustion in state court. If, as of August 28, 2009, Narog has filed neither an amended petition nor a motion to stay, the Court will dismiss the instant petition without prejudice.

**IT IS SO ORDERED.**

Dated: August 3, 2009

MAXINE M. CHESNEY
United States District Judge

4