**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CORY NAROG,                                No. C 09-1696 MMC

12              Petitioner,                    **ORDER DIRECTING RESPONDENT TO
                                               FILE RESPONSE TO FIRST AMENDED
13       v.                                    PETITION FOR WRIT OF HABEAS
                                               CORPUS**
14  CALVIN REMMINGTON,

15              Respondent
    _____/
16

17          Before the Court is Cory Narog's First Amended Petition for Writ of Habeas Corpus

18  ("FAP"), filed August 28, 2009, pursuant to 28 U.S.C. § 2254.

19                              **BACKGROUND**

20          Petitioner alleges that on June 15, 2006, he was convicted of eleven misdemeanor

21  counts of violating §166(A)(4) of the California Penal Code, and that, thereafter, he was

22  "placed on probation for a period of three years on condition he serve six months in county

23  jail."  (See FAP ¶¶ 2-5.)  Petitioner further alleges that the conviction was affirmed by the

24  Appellate Department of the San Mateo Superior Court, and that his petitions for a writ of

25  habeas corpus, filed, respectively, in the Superior Court, the California Court of Appeal, and

26  the California Supreme Court, have been denied.  (See FAP ¶¶ 6.)

27  //

28  //

**DISCUSSION**

**A. Legal Standard**

   A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  See 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false."  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B.  Petitioner's Claims**

   In his FAP, petitioner makes the following claims:  (1) petitioner was denied the effective assistance of counsel because counsel (a) never sought to obtain certain "video tapes" that, according to petitioner, would have been exculpatory in nature (see FAP at 6-8), and (b) did not file a "Marsden" motion petitioner had prepared or otherwise bring that issue to the trial court's attention (see FAP at 8-9); and (2) the prosecution failed to disclose "exculpatory evidence," specifically, the "video tapes" petitioner states would have supported his defense (see FAP at 10-11).

   The Court cannot say, from the face of the pleadings, that petitioner's claims are vague, conclusory, palpably incredible, or patently frivolous or false.  Consequently, respondent will be directed to file a response to the FAP.

**CONCLUSION**

   In light of the foregoing:

   1.  Respondent is hereby DIRECTED to file, within 30 days of the date of this order, an answer and supporting memorandum of points and authorities, along with a copy of all portions of the state record relevant to a determination of the issues presented by the

2

1   petition.

2           2.  Petitioner may, within 30 days after the filing of the answer, file a traverse.

3       **IT IS SO ORDERED.**

4

5   Dated:  August 31, 2009

6                                                       MAXINE M. CHESNEY
                                                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3