IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY NAROG,<br><br>    Petitioner,<br><br>  v.<br><br>CALVIN REMMINGTON,<br><br>    Respondent                       / | No. C 09-1696 MMC<br><br>**ORDER DENYING AS PREMATURE AND WITHOUT PREJUDICE PETITIONER'S MOTION FOR EVIDENTIARY HEARING AND FOR PERMISSION TO CONDUCT DISCOVERY; VACATING HEARING** |

       Before the Court is petitioner Cory Narog's "Motion for Evidentiary Hearing and for Permission to Conduct Discovery," filed October 29, 2009.  Respondent Calvin Remmington has filed opposition, to which petitioner has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for December 11, 2009, and rules as follows.

       On August 26, 2009, petitioner filed his First Amended Petition for a Writ of Habeas Corpus, and thereafter, on September 29, 2009, respondent filed an answer thereto, as well as a memorandum of points and authorities in opposition to the amended petition.[1]  Petitioner's claims, as alleged in the amended petition, are presently under submission.

---

[1] Although the Court afforded petitioner the opportunity to file a traverse, petitioner did not file one.

By the instant motion, petitioner seeks a finding that he is entitled to an evidentiary hearing and to conduct discovery to prepare therefor. Because, as noted, the claims alleged in the amended petition are under submission, the Court has not yet determined whether petitioner has shown a dispute of material fact exists that may warrant an evidentiary hearing.

Accordingly, the instant motion is hereby DENIED as premature and without prejudice.

Should the Court, upon its review of petitioner's claims and the response thereto, determine that an evidentiary hearing on one or more of petitioner's claims is appropriate,[2] the Court will notify the parties and schedule a status conference to address the manner in which such hearing will be conducted and whether discovery may be taken prior to any such hearing.

**IT IS SO ORDERED.**

Dated:  December 7, 2009

MAXINE M. CHESNEY
United States District Judge

---

[2] In determining whether an evidentiary hearing is appropriate, the Court will consider, in addition to the parties' respective filings in connection with the amended petition, the arguments made in the parties' respective filings in connection with the instant motion.

2