**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CORY NAROG,                              No. C 09-1696 MMC

12              Petitioner,                   **ORDER DENYING PETITIONER'S**
                                              **MOTION TO ALTER OR AMEND**
13      v.                                    **JUDGMENT**

14   CALVIN REMMINGTON,

15              Respondent.
     _____/

16

17          Before the Court is petitioner Cory Narog's "Motion to Alter or Amend the Judgment

18   Pursuant to FRCP 59(e)," filed July 6, 2010.  Respondent Calvin Remmington has filed

19   opposition, to which petitioner has replied.  Having read and considered the papers filed in

20   support of and in opposition to the motion, the Court rules as follows.

21          In March 2006, in the Superior Court of California, in and for the County of San

22   Mateo, a jury found petitioner guilty of eleven counts of contempt, in violation of section

23   166(a)(4) of the California Penal Code.  On June 15, 2006, the trial court suspended

24   imposition of sentence, and placed petitioner on supervised probation for a period of three

25   years on the condition, <u>inter</u> <u>alia</u>, that he serve six months in the County Jail.  After he was

26   unsuccessful in challenging the conviction in state court, petitioner filed the instant action

27   pursuant to 28 U.S.C. § 2254.  By order filed June 23, 2010, the Court denied petitioner's

28   First Amended Petition ("FAP") for a writ of habeas corpus, and the Clerk, on June 24,

1   2010, entered judgment against petitioner.  As noted, petitioner now seeks to alter or

2   amend the judgment.

3          Relief under Rule 59(e) is "appropriate if the district court . . .  committed clear error."

4   Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003).  Here, petitioner argues he

5   is entitled to relief under Rule 59(e) for the asserted reason that the Court committed, in

6   two instances, clear error.

7          First, petitioner argues that to the extent his claims are based on the theory he was

8   not provided with exculpatory evidence, specifically, a videotape allegedly recorded by one

9   of his neighbors on June 27, 2005,[1] the Court clearly erred by not affording petitioner an

10  evidentiary hearing.  Where a petitioner fails to comply with a state law that "not only

11  permit[s] but require[s]" a petitioner to "come forward with affidavits or other evidence" to

12  support a state habeas petition, the petitioner has "failed to develop the factual basis of his

13  claim in state court," and, consequently, is not entitled to an evidentiary hearing in federal

14  court.  See Baja v. Bucharme, 187 F.3d 1075, 1079 (9th Cir. 1999).[2]  Here, as the state

15  court correctly observed, petitioner was required under state law to provide evidence to

16  support his claim and provided no evidence to support his conclusory assertion that the

17  alleged videotape was in the actual or constructive possession of the prosecutor.  See In re

18  Duvall, 9 Cal. 4th 464, 474 (1995) (holding state petitioner has burden to "state fully and

19  with particularity the facts on which relief is sought" and to "include copies of reasonably

20  available documentary evidence supporting the claim, including pertinent portions of trial

21  transcripts and affidavits or declarations").  Consequently, because petitioner failed to

22  develop the factual basis of his claim in state court, petitioner fails to show the Court clearly

23  _____

24        [1]In the FAP, petitioner alleged that the prosecutor, in violation of Brady v. Maryland,
    373 U.S. 83 (1963), failed to provide petitioner with the alleged videotape, and that his trial
25  counsel provided ineffective assistance by not obtaining the alleged videotape.

26        [2]This rule is subject to "two narrow exceptions set forth in § 2254(e)(2)(A) & (B),"
    see id. at 1078 (internal quotation and citation omitted), which are, respectively, that the
27  claim relies on "a new rule of constitutional law, made retroactive to cases on collateral
    review" or the claim relies on "a factual predicate that could not have been previously
28  discovered through the exercise of due diligence," see 28 U.S.C. § 2254(e)(2)(a).
    Petitioner does not rely on either exception.

2

1    erred by not conducting an evidentiary hearing.

2         Second, petitioner argues the Court clearly erred by finding petitioner had not shown

3    the "Marsden" motion, see People v Marsden, 2 Cal. 3d 118 (1970), petitioner allegedly

4    prepared and gave to his trial counsel included a claim that a "'a serious conflict

5    [ ] exist[ed] that resulted in the constructive denial of assistance of counsel.'"  (See Order,

6    filed June 23, 2010, at 9:10-15, 21-23 (quoting Schell v. Witek, 218 F.3d 1017, 1027 (9th

7    Cir. 2000).).)[3]  In particular, petitioner argues that when the Court found petitioner had not

8    "described in any of his petitions either the extent or nature of any conflict or other

9    deficiency in representation that he had identified in such motion" (see id. 9:21-23), the

10   Court "overlook[ed]" the Declaration of Yvette Narog, which declaration was attached as an

11   exhibit to petitioner's initial petition.  Petitioner fails to identify any error.  Although the

12   declarant, who is petitioner's mother, states that she witnessed a number of interactions

13   between petitioner and his trial counsel,[4] that she saw petitioner give a copy of his "motion

14   to change attorneys" to his trial counsel (see Narog Decl. ¶ 5), and that she heard

15   petitioner request the motion be given to the trial judge, she does not state what claim or

16   claims were in the motion, and, indeed, does not claim to have read it or otherwise learned

17   its contents.

18        Accordingly, the motion to alter or amend the judgment is hereby DENIED.

19        **IT IS SO ORDERED.**

20

21   Dated:  October 4, 2010                      MAXINE M. CHESNEY
                                                   United States District Judge

22

23        [3]In the FAP, petitioner alleged that the failure of his trial counsel to file the Marsden
     motion constituted the type of ineffective assistance of counsel for which petitioner was not
24   required to demonstrate any prejudice.  The Ninth Circuit has held, however, that trial
     counsel's failure to file a Marsden motion is not "prejudicial per se," but, rather, that the
25   determination as to whether a showing of prejudice is required is dependent on the grounds
     upon which the motion was based.  See Schell v. Witek, 218 F.3d 1017, 1025-28 (9th Cir.
26   2000); see also id. at 1027 (noting "not every conflict or disagreement between the
     defendant and counsel implicates Sixth Amendment rights").

27        [4]For example, petitioner's mother states that at "times in [her] presence," trial
     counsel told petitioner to "shut up" when petitioner asked a question.  (See Narol Decl.
28   ¶ 9.)

                                              3