IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORY NAROG,

        Petitioner,

  v.

CALVIN REMMINGTON,

        Respondent.

No. C 09-1696 MMC

**ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY; DIRECTIONS TO CLERK**

      Before the Court is petitioner Cory Narog's "Motion for Certificate of Appealability," filed November 3, 2010. Having read and considered the motion, and having reviewed the Court's prior orders and the record of the state court proceedings, the Court, for the reasons set forth below, finds petitioner has failed to show he is entitled to issuance of a certificate of appealability.

      First, petitioner has not shown he is entitled to a certificate of appealability with respect to the issue of whether Larche v. Simons, 53 F.3d 1068 (9th Cir. 1995) remains valid in light of O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In particular, petitioner has not shown "reasonable jurists would find [this Court's] assessment," specifically, that nothing in O'Sullivan suggests Larche was incorrectly decided, to be "debatable or wrong." See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotation and citation omitted).

//

Second, petitioner has not shown he is entitled to a certificate of appealability with respect to the issue of whether the Court erred in denying petitioner an evidentiary hearing, as well as an opportunity to conduct discovery to prepare for such a hearing, on the claims in the First Amended Petition. As noted in the Court's prior orders (see Order, filed June 23, 2010, at 5:11 - 23, 7:4 - 12, 27 - 28: Order, filed October 4, 2010, at 2:7 - 3:1), petitioner's claims, as presented to the state court, were based on speculation, and, as a consequence, petitioner failed to develop the record with respect to said claims.[1]  See Baja v. Bucharme, 187 F.3d 1075, 1079 (9th Cir. 1999) (holding federal habeas petitioner who "fail[s] to develop the factual basis of his claim in state court" is not entitled to evidentiary hearing in federal court). Petitioner has failed to show reasonable jurists would find the Court's finding to be debatable or wrong.

Accordingly, the motion is hereby DENIED.

Finally, the Court notes that although petitioner filed the instant motion within the time provided to file a notice of appeal, petitioner has not filed a separate notice of appeal. Because the United States Court of Appeals for the Ninth Circuit may construe the Motion for Certificate of Appealability as a notice of appeal, see Bell v. Mizell, 931 F.2d 444, 444-45 (7th Cir. 1991), the Clerk is hereby DIRECTED to docket the Motion for Certificate of Appealability as a notice of appeal and to forward said motion to the Ninth Circuit for its consideration, along with a copy of the instant order.

//

---

[1] In particular, petitioner offered no evidence in state court to support his conclusory assertions that the videotape that is the subject of his claim under Brady v. Maryland, 373 U.S. 83 (1963), was ever in the possession of the prosecution and/or that his trial counsel failed to request from the prosecution all videotapes in the prosecution's possession. Further, with respect to his claim that his trial counsel failed to present to the state trial court a Marsden motion petitioner allegedly prepared, see People v Marsden, 2 Cal. 3d 118 (1970), petitioner failed to advise the state court of the contents of the motion or to otherwise advise the state court of the nature of any asserted conflict with his trial counsel; such a showing was required for there to exist any possibility of petitioner's establishing any asserted failure to present a Marsden motion constituted the type of deficient performance from which prejudice could be presumed. See Schell v. Witek, 218 F.3d 1017, 1025-28 (9th Cir. 2000); see also id. at 1027 (noting "not every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights").

Petitioner is advised he may seek issuance of a certificate of appealability from the Ninth Circuit.  <u>See</u> Fed. R. App. Proc. 22 (b)(1).

**IT IS SO ORDERED.**

Dated: November 5, 2010

_____
MAXINE M. CHESNEY
United States District Judge